UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

SAMMIE L. HARRIS, JR. and
MARY J. HARRIS,
    Debtors.

Case No. 18-01530
Chapter 13
Hon. Scott W. Dales
Filed: April 4, 2018

## DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY

Pursuant to 11 U.S.C. § 362(c)(3)(B), the Debtor, by and through his attorneys at the Dietrich Law Firm, state the following in support of their motion to extend the automatic stay:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 105(a), 28 U.S.C. § 157(b)(1), 28 U.S.C. § 1334, and LBR 4001-1.

2. This matter constitutes a core proceeding as defined by 28 U.S.C. § 157(b)(2).

3. The Debtors filed the current Voluntary Petition for relief under Chapter 13 on April 4, 2018. (DN 01.)

4. Within the twelve months prior to the above-listed filing date, the Debtors were in a pending Chapter 13 case filed on July 5, 2016, file number 16-03540 in the United States Bankruptcy Court for the Western District of Michigan. (DN 01 in Bankr. W.D. Mich. case no. 16-03540.)

5. The Debtors had no other pending bankruptcy cases in the preceding one-year period; however, the Debtors did have a prior Chapter 7 case that was filed on August 30, 2007, file number 07-06313 in the United States Bankruptcy Court for the Western District of Michigan, in which a Discharge Order was issued.

6. The Debtors' previous case within the twelve months prior to the above-listed filing date was dismissed on May 22, 2017 for the failure to make consistent Plan payments. (DN 32 in Bankr. W.D. Mich. case no. 16-03540.)

7. Because the Debtor had a case dismissed within one year prior to this present case, the automatic stay will terminate after 30 days from the filing of the petition in this matter under 11 U.S.C. § 362(c)(3)(A).

8. Upon motion of a party in interest, the automatic stay may be extended "after notice and a hearing completed before the expiration of the 30-day period" if certain conditions are met. 11 U.S.C. § 362(c)(3)(B).

9. The instant case was filed in good faith as to the creditors to be stayed.

10. A substantial change in the financial and personal affairs of the Debtors has occurred since the dismissal of the previous case; specifically, the Debtors were unable to make Plan payments in the previous case as the result unexpected expenses and a death in the family. Additionally, the Debtors will be making payments in the present bankruptcy case via automatic ACH withdrawals.

11. The instant case is filed in good faith as to the creditors to be stayed and there is clear and convincing evidence rebutting the presumption that this case was not filed in good faith, pursuant to 11 U.S.C. § 362(c)(3), because there has been a substantial change in the financial or personal affairs of the Debtors since the dismissal of the last case and the Debtors believe that this case will result in a confirmed plan that will be fully preformed.

    a. Although the Debtors' last case under Chapter 13 was dismissed within a one-year period because the Debtor failed to make Chapter 13 Plan payments, this case can be successful because:

    b. The Debtors shall be making Plan payments using automatic ACH withdrawals.

12. The Debtors will fully perform the terms of a confirmed plan in this pending case.

13. This motion is not made for the purpose of delay.

14. Any presumption that this case was not filed in good faith should be rebutted by for the foregoing reasons.

WHEREFORE, the Debtors respectfully request that the Court impose the automatic stay under 11 U.S.C. § 362(a) as to any and all creditors for the duration of this Chapter 13 proceeding pursuant to 11 U.S.C. § 362(c)(4), after notice and opportunity to be heard, and for all other proper relief.

Respectfully submitted,

DIETRICH LAW FIRM

Dated: 4-6-18

Robert W. Dietrich (P49704)
Michael T. Brown (P71385)
Stephen J. Beard (P76575)
Attorneys for Debtor
3815 W. Saint Joseph Street, Ste. A-200
Lansing, Michigan 48917
(517) 374-8000
rwd@DietrichLawFirm.net